LUTHER STEWART *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7610)

Submitted March 28, 1933.   Decided April 18, 1933.

*Rollins & Rollins,* for relator.

*Homer A. Holt,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for Compensation Commissioner.

*Blue, Dayton & Campbell* and *Chas. M. Love,* for Morrison Coal Co.

KENNA, JUDGE:

This is a proceeding in mandamus brought by Luther Stewart against the State Compensation Commissioner. The object is to compel the commissioner to treat as a final award in petitioner's favor on his claim for compensation a certain letter written by the commissioner to counsel for the employer, with copies sent to the employer and to counsel for the claimant.

The petition in mandamus sets forth that Luther Stewart was injured while in the employ of Morrison Coal Company on the 14th day of May, 1932. The injury is described, and it is alleged that in June, 1932, the compensation commissioner awarded him temporary compensation, styling his case as an open case; that later the Morrison Coal Company objected to any further payments of compensation on the ground that the injury complained of was wilfully and intentionally self-

inflicted; that thereupon payments were stopped, and an investigator sent from the office of the compensation commissioner and his report duly filed; that in July, 1932, the compensation commissioner demanded of the company that they submit such further evidence as they might care to tender; that nothing further was done until October, 1932, at which time counsel for both the claimant and the Morrison Coal Company appeared before the commissioner, announced that no further evidence was desired to be taken, requested that they be permitted to argue the case orally, which was declined, and that thereafter in conformity with the request of the commissioner, the matter was submitted on briefs filed in November, 1932.

The petition goes on to aver that a finding, pursuant to the submission just outlined, was made by the commissioner on December 13, 1932, as a result of a letter addressed on that date to Blue, Dayton & Campbell, attorneys for the employer, copies of which were furnished direct to Morrison Coal Company, the employer, and to Mr. Herman D. Rollins, attorney for claimant. The letter is upon the stationery of the state compensation commissioner and is signed by the secretary of that official. It is as follows: "We have gone over the evidence in this file, and are of the opinion that this claim should go forward for payment. The present status of this claim is that a check was issued to Mr. Stewart on June 8, 1932, for $12.27, paying him for one and four-sevenths weeks. Then came a protest from the company, under date of July 25th, and your letter to us of August 17th. This claim came on to be considered by the commissioner upon an inspector's report, accompanied by certain exhibits filed in this claim. We assume that the correct procedure would be to award you a hearing, if such is desired. We do not believe, however, that you can add anything to this file, from the amount of evidence taken by the inspector to show that this injury was self-inflicted."

The petition further alleges the proceedings in the office of the state compensation commissioner after the dispatch of the letter of December 13, 1932. It appears that on the 17th day of January, 1933, the employer requested a hearing which was granted and held on the 27th day of January, 1933. The

allegation is made that counsel for the claimant and for the employer appeared at the hearing, and that counsel for the claimant objected to the proceeding, relying upon the letter of December 13, 1932, as a final disposition of the case. On March 16, 1933, an order was entered denying compensation because the injury complained of was found to be self-inflicted. The prayer of the petition is that a writ of mandamus issue directed to the state compensation commissioner requiring him to rate the disability of the petitioner in conformity with his alleged finding of December 13, 1932, and proceed to make payments thereon.

The sole question presented for decision is whether the letter of December 13, 1932, is or is not an award going to the basis of claimant's right to compensation under the provisions of section 1, article 5, chapter 23, Code 1931. In this connection we are referred by claimant's counsel to the case of *Myers* v. *State Compensation Commissioner*, 110 W. Va. 425, 158 S. E. 512, as holding that a letter addressed by the commissioner to a claimant may be treated as a final award or disposition under the section referred to. In that case, a letter dated November 21, 1929, was treated as fixing the date from which the appealable right of the claimant ran.

Section 4, article 1, chapter 23, provides as follows: "All proceedings of the commissioner shall be shown on his record of proceedings, which shall be a public record and shall contain a record of each case considered and the award with respect thereto and of all salaries allowed to any employee of the commissioner or to any other person for services." There is prescribed no particular form of keeping the record, and this court has never interpreted the provision referred to as requiring any set form of keeping the records in question.

However, a reading of section 1, article 5, chapter 23, discloses a plain purpose to require the commissioner to give in writing to the parties in interest an express and unequivocal notice of his finding or award before his action shall be regarded as final. The *Myers* case, relied upon by claimant, is certainly not authority for requiring anything less. There the commissioner wrote: "I regret to inform you that no further compensation can be paid you on your claim." It would be difficult to group words more positively expressing finality. The

586

opinion treats this as the notice of award required by the statute; not as in itself constituting the award.

We do not believe that the letter of December 13, 1932, expresses a final disposition of the cause before the commissioner. True, it states that the commissioner has gone over the evidence and is "of the opinion that this claim *should go forward* for payment". In the light of the context, this language clearly refers to the state of the record at that time before the commissioner. The language which immediately follows is this: "The *present status* of this claim is that a check was issued to Mr. Stewart on June 8, 1932, for $12.27, paying him for one and four-sevenths weeks. Then came a protest from the company, under date of July 25th, and your letter to us of August 17th. This claim came on to be considered by the commissioner upon an inspector's report, accompanied by certain exhibits filed in this claim. We assume that the correct procedure would be to award you a hearing, if such is desired. * * *."

We are of opinion that the very most that can be said is that this letter does not make it plain whether the commissioner intended by it to give notice of final disposition of the case. It is addressed to counsel for the employer and copies only were furnished direct to the employer and to counsel for claimant. The commissioner did not treat it as giving notice of a decision of the case. Counsel for claimant did not press for a disability rating under it as constituting notice of a final disposition of the case, and counsel for the employer proceeded thereafter to demand and receive a hearing. Nothing short of an explicit and unequivocal expression in writing of his final action can be taken as notice of a final disposition within the meaning of section 1, article 5, chapter 23. We are of opinion that the letter in question written by the compensation commissioner under date of December 13, 1932, to counsel for the employer with copies furnished direct to the employer and to counsel for the claimant does not meet this test. Therefore, the writ of mandamus is denied.

*Writ denied.*